UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILLIAM KEEHN,

    Petitioner,

v.                                                               Case No: 6:19-cv-2435-Orl-28LRH
                                                                                                         (6:15-cr-48-Orl-28KRS)

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

This case is before the Court on the following matters:

1.     Petitioner's Motion to Vacate Judgment (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** to allow Petitioner to seek authorization from the Eleventh Circuit to file a successive § 2255 motion. Petitioner seeks relief pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure and requests the Court to vacate his conviction for production of child pornography (Count Two). (*Id.* at 2-6.) In support of the motion, Petitioner argues that the Court lacked jurisdiction to convict him of production of child pornography in violation of 18 U.S.C. § 2251(a). (*Id.*).

Rule 60(b) "cannot be used to circumvent the prohibition on filing unauthorized successive post-conviction challenges." *United States v. Bueno-Sierra*, 723 F. App'x 850, 853 (11th Cir. 2018) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 530-32 (2005) and *Franqui v. Florida*, 638 F.3d 1368, 1371-73 (11th Cir. 2011)). "A Rule 60(b) motion from a denial of a § 2255

motion is considered a successive motion if it 'seeks to add a new ground for relief' or 'attacks the federal court's previous resolution of a claim on the merits.'" *Id.* (quoting *Gonzalez*, 545 U.S. at 532).

The Court denied Petitioner's § 2255 motion on the merits on September 5, 2018. *See* Case No. 6:16-cv-2107-Orl-28KRS, Doc. 6. The argument made in the present motion raises a new ground for relief, and the motion is merely an attempt to assert a claim of error as to Petitioner's federal conviction. Under the circumstances, the Rule 60(b) motion should be treated as a second or successive § 2255 motion.

Before Petitioner may file a second or successive § 2255 motion in this Court, he must move in the Eleventh Circuit Court of Appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. §§ 2244 and 2255. Consequently, this motion is dismissed without prejudice to allow Petitioner the opportunity to seek authorization from the Eleventh Circuit Court of Appeals.[1] Petitioner should be aware that § 2255 limits the circumstances under which the Court of Appeals will authorize the filing of a second or successive § 2255 motion.

2. The Clerk of the Court is directed to send Petitioner an "Application for Leave to File a Second or Successive Motion to Vacate, Set Aside, or Correct Sentence 28

---

[1] Alternatively, Petitioner's Motion to Vacate Judgment (Doc. 1) is denied on the merits. Pursuant to Rule 60(b)(4), a court may relieve a party from a final judgment if the judgment is void. "A judgment is void for Rule 60(b)(4) purposes 'if the rendering court was powerless to enter it.'" *Campbell v. Sec'y for Dep't of Corr.*, 370 F. App'x 5, 7 (11th Cir. 2010) (quoting *Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001)). Petitioner has not established that the Court was powerless to enter judgment or any other basis warranting relief.

U.S.C. § 2255 By a Prisoner in Federal Custody" form.

3. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE** and **ORDERED** in Orlando, Florida on January 8th, 2020.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Party

3